**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:<br><br>PETER SZANTO,<br><br>       Debtor<br>_____<br><br>PETER SZANTO,<br><br>       Appellant,<br><br> v.<br><br>UNITED STATES TRUSTEE,<br><br>       Appellee. | No. 21-60035<br><br>BAP No. 20-1106<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Submitted January 4, 2024**

Before: WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peter Szanto appeals pro se from the Bankruptcy Appellant Panel's (BAP) order affirming the Bankruptcy Court's order denying Szanto discharge in his chapter 7 bankruptcy proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the BAP de novo and apply the standard of review applied by the BAP to the Bankruptcy Court's decision. *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). The BAP reviewed the Bankruptcy Court decision in this case using the following standards: (1) the Bankruptcy Court's determinations of the historical facts were reviewed for clear error; (2) the selection of the applicable legal rules under 11 U.S.C. § 727 were reviewed de novo; and (3) the application of the facts to those rules requiring the exercise of judgments about values animating the rules was reviewed de novo. We affirm.

The Bankruptcy Court did not abuse its discretion by denying Szanto discharge under 11 U.S.C. § 727(a). The Bankruptcy Court identified four grounds for denial of discharge; in each case, its factual determinations survive clear error review and its legal determinations survive de novo review.

The Bankruptcy Court correctly determined that denial of discharge was proper under 11 U.S.C. § 727(a)(2)(B), which provides that a debtor shall not be granted a discharge if, with intent to hinder, delay, or defraud a creditor or trustee, he transfers or conceals estate assets. The record shows transfers and concealment by Szanto with intent to hinder, delay, or defraud creditors.

The Bankruptcy Court correctly determined that denial of discharge was proper under 11 U.S.C. § 727(a)(4)(A), which provides that a debtor shall not be granted a discharge if the debtor knowingly and fraudulently makes a false oath or account, provided that "the relevant false oath relate[s] to a material fact." *In re Retz*, 606 F.3d 1189, 1198 (9th Cir. 2010). The record shows that Szanto, under penalty of perjury, repeatedly provided false accounts of his finances, with staggering omissions totaling over a million dollars.

The Bankruptcy Court correctly determined that denial of discharge was proper under 11 U.S.C. § 727(a)(4)(D), which provides that a debtor shall not be granted a discharge if he knowingly and fraudulently withholds from an officer of the estate recorded information relating to his property or financial affairs. The record shows that Szanto knowingly and fraudulently withheld accounting and financial statements from the chapter 7 trustee.

Finally, the Bankruptcy Court correctly determined that denial of discharge was proper under 11 U.S.C. § 727(a)(6)(A), which provides that a debtor shall not be granted a discharge if he refused to obey a lawful order of the Bankruptcy Court. "[I]t is totally within the discretion of the [B]ankruptcy [C]ourt to find a particular violation of the [C]ourt's order so serious as to require denial of discharge." *In re Devers*, 759 F.2d 751, 755 (9th Cir. 1985). The record shows that Szanto repeatedly refused to obey the orders of the Bankruptcy Court.

4

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**